MARGARET E. MABIE [5760731]
margaretmabie@marsh.law
JAMES R. MARSH [2404853]
jamesmarsh@marsh.law
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NEW YORK 10001
TELEPHONE: (212) 372-3030
FAX: (833) 210-3336

*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| "JENNY," "CARRIE," "LILY," "SARAH," "HENLEY," "MAUREEN," and "JANE ROE" as next friend for "PIA," <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS BLAHA, <br><br> Defendant. | Case No: _____ <br><br> **COMPLAINT** <br><br> Jury Trial Demanded |

The Plaintiffs, on their own behalf and by their corresponding next friend as indicated, and through their attorneys of record James R. Marsh and Margaret E. Mabie of Marsh Law Firm, PLLC allege for their complaint as follows:

**NATURE OF THE ACTION**

1. This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statute 18 U.S.C. §§ 2251(c) and (e).

2. 18 U.S.C. § 2255(a) allows victims of child pornography crimes to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable

COMPLAINT - 1

attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

## PARTIES

3. "Jenny" is an adult and resides outside of the state of New York.

4. "Jenny" is a pseudonym for the victim depicted in the Jenny child pornography series.

5. "Carrie" is an adult.

6. "Carrie" is a pseudonym for a victim depicted in FaceBaby child pornography series.

7. "Lily" is an adult and resides outside the state of New York.

8. "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series.

9. "Sarah" is an adult and resides outside the state of New York.

10. "Sarah" is the pseudonym for the victim depicted in the Marineland1 child pornography series.

11. "Maureen" is an adult and resides outside the state of New York.

12. "Maureen" is the pseudonym for the victim depicted in the Lighthouse1 child pornography series.

13. "Jane Roe" is a pseudonym for Pia's mother and Jane Roe acts as Next Friend for Pia. "Pia" is currently a minor and resides outside of the state of New York.

14. "Pia" is the pseudonym for the victim depicted in the Sweet White Sugar child pornography series.

15. "Henley" is an adult and resides outside the state of New York.

COMPLAINT - 2

16. "Henley" is the pseudonym for the victim depicted in the BluePillow1 child pornography series.

17. Each of the plaintiffs is a person who was sexually abused as a child and whose sexual abuse is depicted in images of child pornography seized from defendant's possession.

18. Thomas Blaha (hereinafter "Defendant Blaha") is an adult who, upon information and belief, resides within the state of New York and/or was a resident of the State of New York prior to his imprisonment.

## JURISDICTION AND VENUE

19. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

20. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where, on information and belief, the Defendant resided at the time of the offenses alleged herein and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTS

### The Defendant Pleaded Guilty to Sexual Exploitation of a Child in Violation of 18 U.S.C. §§ 2251(c) and (e).

21. Defendant was charged in the United States District Court, Eastern District of New York, in the matter denominated *United States v. Thomas Blaha*, (EDNY) Case No. 20-cr-00220, with—among other things—the crimes of Sexual Exploitation of a Child in violation of

18 USC §§ 2251(c), § 2251(e), 2252(a)(4)(b), 2252(a), 2252(b)(1), and 2252(b)(2). These crimes were alleged to have been committed on or about September 2019 to February 2020.

22. On or about February 10, 2022, Defendant pleaded guilty to Sexual Exploitation of a Child as charged and was sentenced with a judgment entered against him on November 2, 2022.

23. Plaintiffs are victims of the defendant's criminal conduct —including but not limited to violations of 18 U.S.C. §§ 2251(c), 2252(a)(4)(b), 2252(a), 2252(b)(1), and 2252(b)(2) —and expect to be paid restitution as set forth in the Judgment, pursuant to the criminal Court's judgment entered on November 2, 2022.

### Plaintiffs are Victims of Defendant's Criminal Conduct.

24. Plaintiffs have each elected to receive notices via the United States Department of Justice Victim Notification System (VNS) which alert them when they are potential victims in investigations by federal law enforcement agencies.

25. On information and belief, analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer to child pornography images of Plaintiffs in NCMEC's database and notified the government of its findings in a CVIP report.

26. On or about October 27, 2021, Plaintiffs first received notice from VNS that their child pornography images were among those possessed by Defendant in violation of federal child pornography law.

### CLAIM FOR RELIEF

### Civil Remedy under 18 U.S.C. § 2255(a)

27. The Plaintiffs repeat and re–allege all prior paragraphs.

COMPLAINT - 4

28. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of any enumerated criminal predicate and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

29. On February 10, 2022, the Defendant pleaded guilty to the predicate federal child pornography crime found at 18 U.S.C. §§ 2251(c), 2252(a)(4)(b), 2252(a), 2252(b)(1), and 2252(b)(2) and restitution was ordered as part of his judgment and sentence to pay restitution to each of the victims of his criminal offenses, including each of the Plaintiffs herein.

30. 18 U.S.C. § 2251(c) provides that any person commits a federal crime who:

> (1) Any person who, in a circumstance described in paragraph (2), employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, any sexually explicit conduct outside of the United States, its territories or possessions, for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (e).
>
> (2) The circumstance referred to in paragraph (1) is that—
> (A) the person intends such visual depiction to be transported to the United States, its territories or possessions, by any means, including by using any means or facility of interstate or foreign commerce or mail; or
> (B) the person transports such visual depiction to the United States, its territories or possessions, by any means, including by using any means or facility of interstate or foreign commerce or mail.

41. Defendant was also charged with—among other things—violations of 18 U.S.C. § 2252(a)(4)(B), which provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce, or which was produced using material which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

31. Each Plaintiff is a victim of Defendant's criminal conduct resulting in his violation of 18 U.S.C. § 2251(c) and all other criminal conduct of which the plaintiffs are victims—including but not limited to violations of 18 U.S.C. §§ 2252(a), 2252(a)(4)(b), 2252(b)(1), and 2252(b)(2).

32. The Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

33. The Plaintiffs are not seeking "actual damages" under 18 U.S.C. § 2255.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

34. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

35. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

36. Litigation costs pursuant to 18 U.S.C. § 2255(a);

37. Pre-judgment and post-judgment interest;

38. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

DATED this 21st day of September 2023.

        MARSH LAW FIRM PLLC

        /s/ Margaret E. Mabie
        Margaret E. Mabie
        James R. Marsh

        31 Hudson Yards, 11th Floor
        New York NY 10001
        Telephone: (929) 232-3235
        Email: margaretmabie@marsh.law

*Attorneys for Plaintiffs*