# EXHIBIT 1

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| GREGORY HOFFMAN | ) | Case Number:    2:08-CR-27-RCJ-LRL |
| | ) | USM Number:    84958-048 |
| | ) | TODD LEVENTHAL FOR LEO FLANGAS |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    ONE AND FOUR OF SUPERSEDING INDICTMENT

☐ pleaded nolo contendere to count(s)
    which was accepted by the court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(1) | Transporting Child Pornography | 07/02/2007 | 1 |
| 18 U.S.C. § 2261A(2)(A) | Stalking | 03/07/2008 | 4 |

      The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)    ALL REMAINING      ☐ is    X are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

APRIL 26, 2010
Date of Imposition of Judgment

Signature of Judge

ROBERT C. JONES, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

04/30/2010
Date

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Case 2:08-cr-00027-RCJ-LRL   Document 64   Filed 04/30/10   Page 2 of 10

Judgment — Page 2 of 6

DEFENDANT: GREGORY HOFFMAN
CASE NUMBER: 2:08-CR-27-RCJ-LRL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

TWO HUNDRED FORTY (240) MONTHS AS TO COUNT ONE; AND SIXTY (60) MONTHS AS TO COUNT FOUR. THE SENTENCES IMPOSED AS TO COUNTS ONE AND FOUR SHALL RUN CONSECUTIVE TO EACHOTHER.

X  The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be designated to the Butner facility located in North Carolina.

X  The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at           ☐ a.m.  ☐ p.m.  on

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 12 p.m. on

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on                                to

a                               , with a certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

DEFENDANT: GREGORY HOFFMAN
CASE NUMBER: 2:08-CR-27-RCJ-LRL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

LIFETIME AS TO COUNTS ONE AND FOUR; CONCURRENT

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: GREGORY HOFFMAN
CASE NUMBER: 2:08-CR-27-RCJ-LRL

## SPECIAL CONDITIONS OF SUPERVISION

**Possession of Weapons** - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

**Warrantless Search** - You shall submit to the search of your person, property, residence or automobile under your control by the Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant to ensure compliance with all conditions of release.

**Mental Health Treatment** - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, medication management and/or outpatient counseling, or residential placement as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

**Debt Obligations** - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

**Access to Financial Information** - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

**Victim-Witness Prohibition** - You shall not have contact, directly or indirectly, with any victim or witness in this instant offense, unless under the supervision of the probation officer. This prohibition shall include viewing any videos or images containing victims.

**Minor Prohibition** - You shall not associate with persons under the age of eighteen (18), except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved by the probation officer.

**Sex Offender Treatment** - You shall successfully complete a treatment program for sex offenders, which may include polygraph/truth verification testing, or other physical verification testing as approved by the probation officer.

**Computer Pornography Prohibition** - You shall neither possess nor have under your control any matter that is pornographic, as defined in 18 U.S.C. § 2256(2), or that depicts, suggests, or alludes to sexual activity of minors under the age of eighteen (18). This includes, but is not limited to, any matter obtained through access to any computer or any material linked to computer access or use.

**Pornography Prohibition** - You shall not own, possess, use, view, or read any pornographic material, or frequent any place that is involved with pornography, as defined in 18 U.S.C. § 2256(2).

**Computer Restriction and Monitoring** You shall provide the Probation Officer with accurate information regarding your entire computer system, including all related digital devices with memory and all passwords and internet service providers; you shall allow the installation of any software/hardware on your computer by the Probation Officer, and you shall abide by all rules of the Computer Restriction and Monitoring Programs Agreement.

**Electronic Device Prohibition** You shall be prohibited from possessing or using any computer device that is interconnected with the internet and which is capable of displaying any image.

**Report to Probation Officer After Release from Custody** - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

*Note: A written statement of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.*

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 5 of 6

DEFENDANT: GREGORY HOFFMAN
CASE NUMBER: 2:08-CR-27-RCJ-LRL

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine**    | **Restitution** |
|--------|----------------|-------------|-----------------|
| **TOTALS** | $ 200.00    | $ WAIVED    | $ 152,252.91    |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| SEE ATTACHMENT A | | | |
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 6 of 6

DEFENDANT: GREGORY HOFFMAN
CASE NUMBER: 2:08-CR-27-RCJ-LRL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  X  Lump sum payment of $ 152,452.91  due immediately, balance due

☐ not later than _____ , or
X  in accordance   ☐ C,   ☐ D,   ☐ E, or   X  F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

MONETARY PENALTIES SHALL BE PAID AT A RATE OF 50% OF ANY INSTITUTIONAL WAGES FOLLOWED BY MONTHLY PAYMENTS OF NOT LESS THAN 10% OF GROSS INCOME, SUBJECT TO UPWARD ADJUSTMENT BASED ON ABILITY TO PAY.

.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:

SEE ATTACHMENT B

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# ATTACHMENT A

**U.S. v. Gregory Hoffman**
**2:08-CR-027-RCJ-LRL**
<u>**Restitution List**</u>

Carol L. Hepburn
Attn: In trust for Vickie series victim
2722 Eastlake Ave E, Ste 200
Seattle, WA 98102
$152,252.91

# ATTACHMENT B

```
                    ✓ FILED          ___ RECEIVED
                    ___ ENTERED      ___ SERVED ON
                                     COUNSEL/PARTIES OF RECORD

                         APR 2 6 2010

                    CLERK US DISTRICT COURT
                      DISTRICT OF NEVADA
                    BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:08-CR-027-RCJ (LRL) |
| v. ) | |
| ) | |
| GREGORY SCOTT HOFFMAN, ) | |
| ) | |
| Defendant. ) | |

**FINAL ORDER OF FORFEITURE AS TO
DEFENDANT GREGORY SCOTT HOFFMAN**

On December 15, 2009, this Court entered a Preliminary Order of Forfeiture pursuant to Title 18, United States Code, Sections 2253(a)(1) and (a)(3) forfeiting property of defendant GREGORY SCOTT HOFFMAN to the United States of America;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED pursuant to Fed. R. Crim. P 32.2(b)(4)(A) and (B) that the forfeiture of the property named in the Preliminary Order of Forfeiture is final as to defendant GREGORY SCOTT HOFFMAN.

DATED this 26th day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE