MARGARET E. MABIE [5760731]
margaretmabie@marsh.law
JAMES R. MARSH [250763]
jamesmarsh@marsh.law
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NEW YORK 10001
TELEPHONE: (212) 372-3030

*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| "JENNY," "CARRIE," "LILY," "SARAH," "HENLEY," "MAUREEN," and "JANE ROE" as next friend for "PIA," <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS BLAHA, <br><br> Defendant. | Case No. 2:23-cv-07051-JMA-ST <br><br> **MOTION FOR DEFAULT JUDGMENT, ATTORNEY FEES AND COSTS PURSUANT TO FED. R. CIV. PROC. 55 (b)(2)** |

On January 24, 2024, the Deputy Clerk entered a certificate of default against Defendant Thomas Blaha after he failed to appear and timely respond to the summons and complaint or otherwise to defend this action. Plaintiffs now move the Court for a default judgment with an award of liquidated damages and costs, including reasonable attorneys' fees pursuant to 18 U.S.C. § 2255 and Fed. R. Civ. P. 55(b)(2).

**RELEVANT FACTS**

Defendant was charged in the United States District Court, Eastern District of New York, in the matter denominated *United States v. Thomas Blaha*, (EDNY) Case No. 20-cr-00220,

MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55 (B)(2) - 1

with—among other things—the crimes of Sexual Exploitation of a Child in violation of 18 USC §§ 2251(c), § 2251(e), 2252(a)(4)(b), 2252(a), 2252(b)(1), and 2252(b)(2). He has pleaded guilty to the crime of sexual exploitation of a child. (ECF No. 01, Compl. ¶ 22). The plaintiffs in this civil action brought claims pursuant to 18 U.S.C. § 2255, ("Masha's Law") to seek damages caused by the Defendant to Plaintiffs – the victims of the Defendants' criminal violations.

Masha's Law provides that victims of such a crime may, at their option, recover either actual damages or $150,000 in liquidated damages, as well as the cost of the action, including reasonable attorneys' fees and other litigation costs reasonably incurred. Here, Plaintiffs filed their Masha's law complaint on September 21, 2023, and have each elected to receive liquidated damages in the amount of $150,000 per plaintiff for a total "sum certain" of damages that amounts to $1,050,000. (ECF No. 1). The summons was issued on September 25, 2023, and Defendant was served on October 27, 2023. (ECF Nos. 7, 11). Defendant has failed to appear, to respond to the summons or otherwise to defend the action. Nor has Defendant attempted any communication with Plaintiffs' counsel. Accordingly, on January 24, 2024, the Clerk entered a certificate of default against Defendant in favor of each Plaintiff pursuant to Fed. R. Civ. P. 55(a). (ECF No. 16).

As of the date of this motion, Defendant has filed no answer or responsive pleading in this case, or otherwise defended the action. Nor has Defendant attempted any communication with Plaintiffs' counsel. As such, Plaintiffs file this instant action requesting a default judgment for the sum certain statutory damages and reasonable attorneys' fees and costs pursuant to Fed. R. Civ. P. 55(b)(2)

//

//

# ARGUMENT

## I. The Court (Not the Clerk) Shall Enter a Default Judgment Because Some of the Sums Sought Are Not "Certain".

Fed. R. Civ. P. 55 provides that after the Clerk has entered a default, a party must apply to the Court (not the Clerk) for a default judgment where the claim is not for a sum certain or a sum that can be made certain by computation. *See Grice v. McMurdy*, 2020 WL 90770, *2 (W.D.N.Y. Jan. 8, 2020). In this case, the Masha's Law statute serves as the "operation of law" fixing damages in this case at a sum certain of $150,000 per victim. However, because Plaintiffs are also seeking reasonable attorneys' fees and costs as part of the damages sought, the damages amount is not "certain" and a motion to the Court is required. *See Ace Grain Co. v. American Eagle Fire Ins. Co. of N.Y.*, 11 F.R.D. 364, 266 (S.D.N.Y. 1951) (attorney's fees are not a sum certain to be "passed upon by the Clerk" because they "require judicial determination" of whether they constitute reasonable fees); *American Home Mortg. Corp. V. America's Choice Marketing, Inc.*, 2008 WL 919598, at *4 (E.D.N.Y. March 20, 2008) (finding that Plaintiff's request for default judgment was for a sum certain where it did not seek reimbursement of attorney's fees); S. Baicker-McKee and W. M. Jansen, *Federal Civil Rules Handbook* at 1156 (2022)("A claim is not a 'sum certain' under Rule 55 unless there is no doubt as to the amount that must be awarded, that the amount due is beyond question . . . . This standard is not met where some portion of damages, such as 'reasonable' attorney's fees or punitive damages, still needs to be determined") (internal citations omitted). Plaintiffs seek such a sum certain.

## II. Masha's Law Entitles Each Plaintiff to Liquidated Damages of $150,000, Costs and Reasonable Attorneys' Fees

Masha's law, pursuant to which the default has been entered, provides for the award liquidated damages in the amount of $150,000 (rather than actual damages) at the option of the

plaintiff and "costs of the action including reasonable attorneys' fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255.

### A. <u>Liquidated Damages</u>

In this case, each Plaintiff has opted to receive liquidated damages in the amount of $150,000. (ECF No. 01, Compl. ¶ 34).

### B. <u>Reasonable Attorneys' Fees</u>

In determining reasonable attorneys' fees, Courts arrive at a lodestar figure by multiplying the hours counsel reasonably expended on the litigation by a reasonable hourly rate and then determine whether the lodestar figure is subject to upward or downward adjustment. *See Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019). The lodestar amount is a "presumptively reasonable fee" that is calculated by the movant and which the Court may appropriately adjust in "rare circumstances" and only when it "does not adequately account a factor that may properly be considered in determining a reasonable fee." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011) (internal citations omitted).

#### 1. *Hours Reasonably Expended*

Here, Plaintiff's lodestar amount of attorney's fees of $24,305 is appropriate. The first step in calculating the lodestar is to determine the number of hours counsel reasonably expended on the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). A brief description of the tasks performed by the law firms is as follows:

On or about October 27, 2021, the United States Department of Justice Victim Notification System sent notification to The Marsh Law Firm PLLC, Carol L. Hepburn, P.S., and Deborah A. Bianco, P.S. that Defendant was found to be in possession of their respective clients'

pornographic images. (Declaration of Margaret E. Mabie dated February 16, 2024 ("Mabie Decl." ¶ 9). The firms then reviewed the criminal docket and conducted research on Defendant. (Mabie Decl. ¶ 11).

Pursuant to 18 U.S.C. §3509(m)(3), Margaret E. Mabie, a partner with one of the three law firms in this case, made a request to the government to review the evidence concerning a or the underlying criminal case. (Mabie Decl. ¶ 12). Attorney Mabie worked with the case agent for the underlying criminal case, and an investigator from ROK Investigative Group Inc., to prepare for an evidence review. *Id.* Attorney Mabie and ROK Investigator reviewed the images involved in the Blaha prosecution and thereby confirmed that the images were of the clients identified and that they constituted child pornography. (Mabie Decl. ¶ 13).

Upon confirmation that the images were of the Plaintiffs and depicted child sexual abuse, the firms together drafted the summons and complaint, as well as a motion to proceed by pseudonym and three supporting declarations. (Mabie Decl. ¶ 14). The pseudonym motion in this case required case law research into the law particular to the Second Circuit and this Court. *Id.* The Court granted the pseudonym motion. (ECF No. 14).

After Defendant failed to timely respond to the summons and complaint, the firms prepared and filed papers seeking the entry of default. (Mabie Decl. ¶ 15). On January 24, 2024, the clerk entered a certificate of default. (ECF No. 16). The firms then drafted the papers in support of this fee application, including the Mabie Declaration and Motion. (Mabie Decl. ¶ 16).

**Exhibit A** to the Mabie Declaration is a spread sheet showing the names of the attorneys and paraprofessionals billing time to this litigation, the hours worked, and the tasks performed. (Mabie Decl. ¶ 17). Ms. Mabie, the lead Plaintiffs' counsel, reviewed those hours, and made a good faith effort to exclude those hours he believed excessive, redundant, or otherwise

unnecessary, resulting in a total of 61 hours expended. *Id.* The 61 hours for which compensation is sought here constitute a more than reasonable amount of time spent, given the special nature of this case, tasks performed and the efficiencies obtained by the three firms working together on behalf of the seven (7) Plaintiffs. For instance, Margaret Mabie, only one lawyer from the three firms conducted the evidence review in this matter. Similarly, only a very limited number of individuals are authorized to complete any such review by each of the Plaintiffs in this case.

### 2. *Reasonable Hourly Rates*

The next step in awarding reasonable fees is to determine reasonable hourly rates for each timekeeper. "[T]he reasonable hourly rate is the rate a paying client would be willing to pay ... bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Lilly v. City of New York*, 934 F.3d 222, 231 (2d. Cir. 2019) (internal citation omitted). The court should consider "all case-specific variables—including the *Johnson* factors" which include: "(1) the complexity and difficulty of the case, (2) the available expertise and capacity of the client's other counsel (if any), (3) the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), (4) the timing demands of the case, (5) whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, (6) whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and (7) other returns (such as reputation, etc.) that an attorney might expect from the representation." *Champagne v. Columbia Dental, P.C.*, 2022 WL 951687, at *3 (D. Conn. March 30, 2022) quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Legislature*, 522 F.3d 182, 184 (2d Cir. 2008). A reasonable hourly

rate comports with rates "prevailing in the community for similar services for lawyers of reasonably competent skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

The timekeepers in this case include lawyers with deep experience and special skill in representing victims of child pornography. (Mabie Decl. ¶¶ 19a-19d). Fees are also requested for the work of paralegals and a law clerk. The lawyers in this case, in addition to representing these victims in civil matters related to their widely distributed and shared child sex abuse material, are heavily involved in obtaining restitution for the victims in a defendant's criminal proceedings. (Mabie Decl. ¶ 21). This includes the criminal restitution ordered in Defendant Blaha's criminal matter. *See* **Exhibit B**.

Indeed, the lawyers are one of the few attorneys in the country who work on these types of cases and have developed specialized experience and skill in this field of work and have participated in the drafting of legislation on behalf of such victims. (Mabie Decl. ¶ 20). The lawyers' normal billing rates for this type of work range from $350 to $600. (Mabie Decl. ¶¶ 19a-19d). Their normal hourly rates are respectfully justified when comparing the hourly rates approved in various cases within the Eastern District of New York between 2009 and 2023, described below, which do not specifically address lawyers with vast experience and specialized skill in child pornography matters.

In *Gutman v. Klein*, No. 03 Civ. 1570(BMC), 2009 WL 3296072, at *2 (E.D.N.Y. October 13, 2009), the court approved hourly rates ranging from $100 to $400. In *Luca v. County of Nassau*, 698 F.Supp.2d 296, 305 (E.D.N.Y. 2010), the court approved hourly rates ranging from $200 to $250 for senior associates and from $300 to $400 for partners for appellate services. In *L.I. Head Start Child Development Services, Inc. v. Economic Opportunity Com'n of*

*Nassau County, Inc.*, No. CV 00-7394(ADS), 865 F.Supp.2d 284, 292-93 (E.D.N.Y. 2012), the court awarded hourly rates ranging from $75 to $350. In *Stanczyk v. City of New York*, 990 F.Supp.2d 242, 247-48 (E.D.N.Y. 2013), the court awarded the requested hourly rates ranging from $100 to $475 in a § 1983 action. In *Sajvin v. Singh Farm Corporation*, No. 17-CV-04032, 2018 WL 4214335, at *10 (E.D.N.Y. Aug. 13, 2018), the court awarded hourly rates ranging from $15 to $500 in a FLSA case. In *US Foods, Inc. v. Kokoro Partners, LLC*, No. 17-CV-7403, 2023 WL 3007171, at *2 (E.D.N.Y. April 19, 2023), the court awarded hourly rates ranging from $100 to $450.  In *Chen v. Glow Asian Foods, Inc.*, No. 19-CV-630 (ST), 2023 WL 6292576, at *3 (E.D.N.Y. Sept. 27, 2023), the court awarded hourly rates ranging from $75 to $325 in a FLSA and NYLL case.

In further support of the reasonableness of the hourly rates established herein, the firms/lawyers herein requested attorneys' fees and costs on behalf of their clients in a similarly situated case in the Southern District of Florida, *Doe et al v. Jasperse*, Case No. 1:22-cv-21466-JLK, where the average hourly rates are arguably $295 to $425. *See e.g., Seacoast National Bank v. M/Y Viaggio*, No. 22-CV-62311-RUIZ/STRAUSS, 2023 WL 6930685 (S.D.F.L. October 2, 2023); *Gilot v. Green Cross Home Care Services, Inc.*, No. 22-cv-23082-ALTMAN/Reid, 2023 WL 2714098 (S.D.F.L. March 30, 2023); *Hansen v. Deercreek Plaza, LLC*, 420 F.Supp.2d 1346 (S.D.F.L. 2006). In *Jasperse*, the Court found the normal hourly rates ranging from $450 to $750 for attorneys Mabie, Hepburn and Biano to be reasonable and awarded Plaintiffs' attorneys' fees in the amount requested, amounting to $53,744. (**Exhibit C**; Mabie Decl. ¶ 22).

Taking these rates approved in this District as a guide, and making an adjustment upward on the rates to account for inflation,[1] the rates ranging between $325 and $600 for attorneys, and

---

[1] Inflation between 2009 and 2023 in the United States was 43%.  [$1 in 2009 → $1.43 in 2023 | Inflation Calculator (in2013dollars.com)](#)

MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55 (B)(2) - 8

$150 or $200 for the paralegals and the law clerk are more than reasonable, especially given these firms' extensive experience and skill in the child-pornography area of practice and the consequent efficiencies they bring to these cases.

### C. The Lodestar

In short, Plaintiffs request an award for 47 hours of attorney time and hourly rates for $325-$600 and 14 hours for paralegal and law clerk time at hourly rates of $150-$200. Multiplying the hours times the billing rates yields a lodestar of $24,305.

The fees requested are $3,472.14, on a per Plaintiff basis, or $24,305 divided by seven (7). Plaintiffs are not asking for any upward adjustment to the lodestar.

### III. Costs

**Exhibit D** to the Mabie Declaration is a spread sheet showing the names of the attorneys and paraprofessionals incurred costs to this litigation. (Mabie Decl. ¶ 24). The costs are $3,060 for ROK Investigative Group Inc., $20 for Margaret E. Mabie's Southern District of New York Certificate of Good Standing, $20 for Margaret E. Mabie's Southern District of New York Certificate of Good Standing #2, $208 for Margaret E. Mabie's Eastern District of New York Attorney Admissions fee, $402 for a filing fee, $315 for a process server fee, and $5.70 for PACER fees. (Mabie Decl. ¶ 24-24g). Costs total $4,030.70.

### CONCLUSION

WHEREFORE, Plaintiffs respectfully move for a default judgment in the amount of $150,000 per Plaintiff (for a total of $1,050,000), along with reasonable attorneys' fees in the amount of $24,305 and costs of $4,030.70, and for such other and further relief as the Court deems just and proper.

Dated: February 19, 2024               Respectfully submitted,

**MARSH LAW FIRM PLLC**

/s/ Margaret E. Mabie
Margaret E. Mabie
James R. Marsh
31 Hudson Yards, 11th Floor
New York NY 10001
Telephone: (929) 232-3235
Email: margaretmabie@marsh.law

**CAROL L. HEPBURN, P.S.**

/s/ Carol L. Hepburn
Carol L. Hepburn, WSBA NO. 8732
PO Box 17718
Seattle, WA. 98127

**DEBORAH A. BIANCO, P.S.**

/s/ Deborah A. Bianco
Deborah A. Bianco
PO Box 6503
Bellevue, Washington 98008

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed via CM/ECF. Further, I certify that a copy of this document was mailed on February 19, 2024, to Defendant Thomas Blaha via FedEx at the following address:

Thomas Blaha
Register No. 92291-053
Fort Dix FCI,
5756 Hartford & Pointville Road
Fort Dix, NJ 08640

/s/ Margaret E. Mabie