FILED
CLERK
11:10 am, Jul 01, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   For Online Publication Only
"JENNY," "CARRIE," "LILY," "SARAH,"
"HENLEY," "MAUREEN," AND "JANE ROE"
AS NEXT FRIEND FOR "PIA,"

                                              **ORDER**
                        Plaintiffs,         23-cv-07051-JMA-ST

     -against-

THOMAS BLAHA,

                                 Defendant.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Before the Court is Plaintiffs' motion for default judgment ("Motion") against Defendant Thomas Blaha ("Defendant"). For the below reasons, Plaintiffs' Motion is GRANTED.

## I. DISCUSSION

**A.** <u>**Defendant Defaulted.**</u>

       In June 2020, Defendant was charged in a Seven Count Indictment in the Eastern District of New York with—among other crimes—Sexual Exploitation of a Child Outside of the United States in violation of 18 U.S.C. §§ 2251(c), 2251(e). (See Case No. 20-cr-00220-JMA-ST, ECF No. 15.) Eventually, he pleaded guilty to one count of Sexual Exploitation of a Child Outside of the United States in violation of 18 U.S.C. §§ 2251(c), 2251(e). (See 23-cv-07051-JMA-ST, ECF No. 1, ¶ 22 ("Compl").)

       On September 21, 2023, Plaintiffs commenced this action ("Action") by filing a Complaint against Defendant, which alleged claims under 18 U.S.C. § 2255 ("Masha's Law") seeking damages caused by Defendant to Plaintiffs, who are purportedly the victims of his criminal violation. (See id.) On October 27, 2023, Defendant was properly served with a copy of the Summons and Complaint. (See ECF No. 11.)

Following expiration of Defendant's deadline to respond to Plaintiffs' Complaint, Plaintiffs requested a Certificate of Default from the Clerk of this Court ("Clerk") on January 9, 2024. (See ECF No. 15.) The Clerk entered a Certificate of Default against Defendant on January 24, 2024. (See ECF No. 16.)

On February 19, 2024, Plaintiffs filed this Motion against Defendant. (See ECF No. 17 ("Pls.' Mot.").) To this day, Defendant has failed to respond to this Action in any way.

## B. **Liability.**

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default, this Court may, on a plaintiff's motion, enter a default judgment. See FED. R. CIV. P. 55(b)(2).

Before imposing a default judgment, this Court must accept well-pled allegations "as true" and determine whether they establish the defendant's liability as a matter of law. Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).

In their Motion, Plaintiffs contend they have established liability on their claim against Defendant under 18 U.S.C. § 2255, known as Masha's Law. (See Compl. ¶¶ 27–33.) Masha's Law, enacted in connection with The Child Abuse Victims' Rights Act of 1986, allows for civil recovery by victims of certain enumerated statutes prohibiting child molestation, exploitation, and pornography. See 18 U.S.C. § 2252(a)(1); see also St. Louis v. Perlitz, 176 F. Supp. 3d 97, 99 (D. Conn. 2016) ("The legislative history of Masha's Law shows that it was intended to provide a cause of action for victims of Internet distribution of child pornography. Congress has recognized

2

that distribution of child pornography on the Internet inflicts an injury on the minor victims depicted in the pornographic material."). It provides in relevant part:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may ... recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. § 2255(a) (emphasis added).

One offense enumerated in Section 2255(a) is Section 2251(c) of Title 18 of the United States Code, which proscribes the sexual exploitation of children outside the United States. 18 U.S.C. § 2251(c). On February 10, 2022, Defendant pleaded guilty before the Honorable Steven L. Tiscione, United States Magistrate Judge, to Count Three of the Indictment, which charged him with Sexual Exploitation of a Child Outside of the United States in violation of 18 U.S.C. §§ 2251(c), § 2251(e). (See Case No. 20-cr-00220-JMA-ST, ECF No. 34.) On February 16, 2022, this Court accepted Defendant's guilty plea on Count Three alone. (Id. at ECF No. 37.) On November 2, 2022, this Court sentenced Defendant on Count Three of the Indictment to a total term of 200 months' imprisonment. (Id. at ECF No. 49.) Thus, it is undisputed that Defendant was convicted of a covered offense, 18 U.S.C. § 2251(c). But that does not end the liability inquiry. The operative question becomes whether each Plaintiff has established that he or she is a "person who, while a minor, was a victim of a [covered] violation" of Title 18. 18 U.S.C. § 2255(a).

Plaintiffs argue "they are victims of the defendant's criminal conduct—including but not limited to violations of 18 U.S.C. §§ 2251(c), 2252(a)(4)(b), 2252(a), 2252(b)(1), and 2252(b)(2)." (Compl. ¶ 23.) Although Defendant pleaded guilty to a violation of 18 U.S.C. § 2251(c) in his underlying criminal case, see Case No. 20-cr-00220-JMA-ST, ECF No. 34, neither the face of Plaintiffs' Complaint nor the text of their Memorandum of Law specifies which plaintiff—if any—

3

was a victim of Defendant's § 2251(c) violation. (See Compl. ¶ 23; see also Pls.' Mot. 3–4.) Plaintiffs' Complaint does allege, however, that "[e]ach of the plaintiffs is a person who was sexually abused as a child and whose sexual abuse is depicted in images of child pornography seized from defendant's possession." (Compl. ¶ 17.) Assuming that a criminal conviction is unnecessary for a defendant to face civil liability under Masha's Law,[1] see Cisneros v. Aragon, 485 F.3d 1226, 1232 (10th Cir. 2007); see also Prewett v. Weems, 749 F.3d 454, 458 (6th Cir. 2014), that allegation alone is enough to support that Defendant knowingly possessed child pornography involving Plaintiffs in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)—which are covered offenses under 18 U.S.C. § 2255(a). Accordingly, the allegations in Plaintiffs' Complaint are sufficient to support recovery under Masha's Law.

## C. **Damages.**

Section 2255(a) is distinguished by its "minimum-damages requirement" awarding liquidated damages, designed to "allow victims of child pornography to recover without having to endure potentially damaging damages hearings." Doe v. Boland, 698 F.3d 877, 882 (6th Cir. 2012) (citation and emphasis omitted), cert. denied, 133 S. Ct. 2825 (2013). "Because plaintiffs are not required to show specific injuries, it is the victimhood alone—and not any resulting effects—that

---

[1] Defendant only pleaded guilty to a violation of 18 U.S.C. § 2251(c) in his underlying criminal case. (See Case No. 20-cr-00220-JMA-ST, ECF No. 34.) In so doing, the United States dismissed Counts 1, 2, 4, 5, 6, and 7 in the Indictment, which included alleged violations of 18 U.S.C. §§ 2252(a)(4)(b), 2252(a), 2252(b)(1), and 2252(b)(2). (See id.) It is an open question in this Circuit whether Masha's Law requires a defendant to have been criminally convicted of the predicate offense. Some courts outside this Circuit have held "Masha's Law does not require a defendant to have been criminally convicted of the predicate offense." N.S. v. Rockett, 2018 WL 6920125, at *5 (D. O.R. Oct. 19, 2018). In those cases, it is enough that the civil claimant prove by a preponderance of the evidence that the defendant violated the enumerated statute. See Prewett, 749 F.3d at 458; see also Smith v. Husband, 376 F. Supp. 2d 603, 611–12 (E.D. Va. 2005) (examining legislative history to conclude Congress had intended § 2255 to provide a remedy for victims even absent a criminal conviction); Doe v. Liberatore, 478 F. Supp. 2d 742, 755 (M.D. Pa. 2007) (adopting Smith's Congressional findings); Cisneros, 485 F.3d at 1232 ("assum[ing] that a criminal conviction is not necessary for a defendant to face civil liability under" Masha's Law); Doe v. Schneider, 667 F. Supp. 2d 524, 529–530 (E.D. Pa. 2009) (requiring only that proper predicate statute violation is alleged in the complaint, along with supporting facts). In this Court's view, Masha's Law does not require a defendant to have been criminally convicted of the predicate offense—a civil claimant need only prove by a preponderance of the evidence that the defendant violated the enumerated statute.

forms the basis of a § 2255 action." M.M. v. Manzano, 2023 WL 4901650, at *5 (D. Conn. Aug. 1, 2023) (internal quotations and citations omitted). Thus, Plaintiffs' principal burden when seeking damages under Section 2255(a) is to establish their victimhood by a preponderance of the evidence. See id. Because Plaintiffs have carried that burden, Plaintiffs are entitled "to civil (liquidated) damages under Section 2255" in the amount of $150,000. Id. (internal quotations and citation omitted). Importantly, Plaintiffs need not demonstrate that each Plaintiff suffered actual damages. Section 2255(a) expressly provides that any victim of a covered offense "shall be deemed to have sustained damages of no less than $150,000 in value." 18 U.S.C. § 2255(a). Accord Boland, 698 F.3d at 880; Manzano, 2023 WL 4901650, at *5; Shovah v. Mercure, 44 F. Supp. 3d 504, 510 (D. Vt. 2014). As requested in the Complaint, each Plaintiff has a right to receive liquidated damages in the amount of $150,000. (See Compl. ¶ 34.)

**D. Attorneys' Fees and Costs.**

Section 2255(a) authorizes district courts to award "the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred." 18 U.S.C. § 2255(a). In assessing whether legal fees are reasonable, a court must determine the "presumptively reasonable fee" for an attorney's services by examining what a reasonable client would be willing to pay. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183–84 (2d Cir. 2008). To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. See id. The next step is to determine the reasonableness of the hours expended by counsel. See, e.g., LaBarbera v. Empire State Trucking, Inc., 2008 WL 746490, at **4–5 (E.D.N.Y. Feb. 26, 2007), report and recommendation adopted, 2008 WL 746490, at *3 (Mar. 19, 2008). The number of hours spent on a lawsuit are considered unreasonable if they are "excessive, redundant, or otherwise unnecessary." See, e.g., LaBarbera

v. Frank J. Batchelder Transp. LLC, 2009 WL 240521, at *4 (E.D.N.Y. Feb. 2, 2009) (quoting Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998)).

The "critical inquiry" to determine the reasonableness of the hours spent on the litigation is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). To assist the court in determining the proper fee, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Fontana v. Bowls and Salads Mexican Grills, Inc., 2022 WL 16549132, at *2 (E.D.N.Y. Oct. 31, 2022).

Here, Plaintiffs seek an award of $24,305 in attorney's fees. (See Pls.' Mot 5–9.) Having reviewed the declarations of counsel, the attached time records, and based on the Court's own knowledge of rates charged in this District, the Court finds that the hourly rate and total hours are both reasonable. Plaintiffs have concretely established the attorney's fees and costs incurred in this action. Accordingly, the Court awards Plaintiffs $24,305 in attorney's fees.

Plaintiffs also seek to recover litigation costs in the amount of $4,030.70. (See Pls.' Mot 9.) Plaintiffs have a right to recover their litigation costs under Federal Rule of Civil Procedure 54(d)(1). Thus, the Court awards $4,030.70 in costs based on Plaintiffs' submissions. (See Ex.1, ECF 17-1, at ¶ 24 ("Mabie Decl.").)

## II. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Default Judgment is GRANTED. (ECF No. 17.) Default judgment shall enter in favor of Plaintiffs and against Defendant, as follows:

1. Plaintiffs are AWARDED $150,000 each in liquidated damages under 18 U.S.C. § 2255(a), for a total of $1,050,000;

2. Plaintiffs are AWARDED $24,305 in attorney's fees under 18 U.S.C. § 2255(a); and

3. Plaintiffs are AWARDED $4,030.70 in costs under 18 U.S.C. § 2255(a);

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Defendant at his address of record.

**SO ORDERED.**

Dated: July 1, 2024
Central Islip, New York

                                                /s/    JMA
                                          JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE